

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

Civil Action No. 1:23CV557

JESSICA-HILES ALLEN,
    Plaintiff

v.

JOHN A. MILLS
    individually and officially,
DERRICK TOBY
    individually and officially,
MICHELE ROBINSON
    individually and officially,

LEXINGTON POLICE DEPARTMENT

    Defendants
_____/

TRIAL BY JURY DEMANDED

## COMPLAINT

This complaint, brought pursuant to 42 U.S.C. Section 1983, as well as the U.S. Constitution, arises out of the events on July 7th 2022, occuring in Lexington North Carolina, within the Middle District of North Carolina.

### JURISDICTIONAL ALLEGATIONS

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, 1367 and 1343 as an action authorized by law to redress the fraud deprivation under color of state law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to Plaintiff by the Constitution of the United States.

2. The jurisdiction of this federal court is also invoked by provisions of 28 U.S.C. 1331 and 1343, as an action authorized by law to redress the deprivation under color of state law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity

1

secured to Plaintiff by the Constitution of the United States.

3. Plaintiff alleges the deprivation of the right to refuse unreasonable search and seizure, in violation of the Fourth Amendment to the Constitution of the United States.

4. Plaintiff alleges the denial of due process, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

5. Plaintiff alleges the deprivation of life, liberty, and property, without due process, in violation of the Fourteenth Amendment to the Constitution of the United States.

6. Plaintiff alleges that the challenged conduct is patently and objectively unreasonable.

7. Plaintiff alleges that the challenged conduct is codified as criminally offensive.

8. Damages are sought for injuries caused by said officials' conspiratorial deprivations. 28 U.S.C. 1343, 42 U.S.C. 1985

9. Damages are also sought from those who failed in their duty to prevent or aid in preventing the harm. 28 U.S.C. 1343, 42 U.S.C. 1985

10. Plaintiff alleges the location of the challenged conduct was in Davidson County, NC.

## PARTIES

11. Plaintiff is an American citizen or national.

12. Upon information available and belief, at all times mentioned herein, all Defendants worked, lived, or both, within the territorial boundaries known as Davidson County, North Carolina.

13. Defendant LEXINGTON POLICE DEPARTMENT is a fictional entity and governmental body operating in Davidson County, North Carolina.

14. Defendant John Mills, was at all times relevant hereto acting in Davidson County, North

2

Carolina and is named here in his individual capacity. At all times relevant hereto this defendant was acting under color of law, being an employee and/or agent of the Lexington Police Department of North Carolina. He was employed and acting under color of law at all relevant times as a police officer.

15. Defendant Derrick Toby, was at all times relevant hereto acting in Davidson County, North Carolina and is named here in his individual capacity. At all times relevant hereto this defendant was acting under color of law, being an employee and/or agent of the Lexington Police Department of North Carolina. He was employed and acting under color of law at all relevant times as a police officer.

16. Defendant Michele Robinson, was at all times relevant hereto acting in Davidson County, North Carolina and is named here in her individual capacity. At all times relevant hereto this defendant was acting under color of law, being an employee and/or agent of the Lexington Police Department of North Carolina. She was employed and acting under color of law at all relevant times as a police officer.

## GENERAL FACTUAL ALLEGATIONS

17. Plaintiff hereby sues Defendants, alleging that Defendants have, each individually, as well as collectively and collaboratively, harmed Plaintiff, under color of law by deprivation of inherent civil rights protected by constitutions or laws.

18. Plaintiff recounts events in the best order she can remember, as she was under duress during the entirety of the encounter.

19. The LEXINGTON POLICE DEPARTMENT has repeatedly failed to produce video evidence as ordered by the Superior Court of Davidson County.

20. Plaintiff was lawfully traveling in her private vehicle, a block away from her residence without injuring anyone or their property.
21. Less than a block away from where Plaintiff lives, right after pulling out of her driveway, she noticed a marked LEXINGTON POLICE cruiser turn to follow her.
22. After following her a couple of blocks, Defendant Mills, acting as an officer for the LEXINGTON POLICE DEPARTMENT, ran Plaintiff off the side of the road by force of arms on July 7th 2022.
23. Defendant Mills asked for Plaintiffs personal private information and stated her license plate cover was illegal in NC as the reason for the stop, despite NC Statutes stating otherwise.
24. Defendant Mills later said the registration had just expired.
25. Plaintiff handed over her personal information under duress as she has never been pulled over and was frightened by the whole situation, having done nothing wrong.
26. After a few minutes of examining Plaintiff's private personal information, Defendant Mills came back to Plaintiff's private vehicle and Plaintiff asked if she was being detained. Defendant Mills stated no, but proceeded to ask Plaintiff to exit her private vehicle.
27. Plaintiff asked why, Defendant Mills stated "to talk." Plaintiff said no, we are talking right now.
28. Defendant Mills asked over and over for Plaintiff to exit the private vehicle and Plaintiff repeatedly denied his unreasonable request as the stop was effectively over.
29. Defendant Mills extended the traffic stop beyond what was reasonable, after his investigation was over by repeatedly attempting to force her out of the vehicle

4

without lawful reason or cause.

30. Defendant Mills got agitated the longer this went on and called for backup at some point.

31. Fearful for Plaintiff's safety and acts of violence, she eventually exits her private vehicle.

32. Once out of the private vehicle, Defendant Mills continued questioning Plaintiff beyond the scope of the traffic investigation to try to find another non-existent crime without any reasonable suspicion of any.

33. Defendant Mills harassed Plaintiff to hand over the keys to the private vehicle Plaintiff was in, by asking over and over without any probable cause of any criminal activities.

34. Defendant Mills also asked to search Plaintiff's private property multiple times, without probable cause of any crime.

35. Plaintiff never handed over the keys, and never consented to any searches.

36. Defendant Toby, acting as a supervisor for the Lexington Police Department shows up, even further extending the unlawful arrest taking place, and asks Plaintiff what Plaintiff is afraid of.

37. Plaintiff states that Defendants are armed and Plaintiff doesn't even know why they haven't let her go, as she has done nothing illegal.

38. At this point, the traffic investigation had been over for many minutes and Plaintiff should have been free to go, as the alleged original offense was a traffic violation that had been fully investigated.

39. Defendant Mills later states he was ready to let Plaintiff go with just a warning.

40. No reasonable officer would have any particularized fact of Plaintiff having commit, or suspicion of Plaintiff about to commit any crime.

5

41. Defendant Robinson shows up next with a K9 and begins searching Plaintiff's private property without any probable cause, or consent ever given after the original offense's investigation was over.

42. Either the K9 made a false "hit," or Defendant Robinson lied saying it did.

43. All Defendants agreed that probable cause has now been achieved, despite Plaintiff's absence of crime or absence of the possession of any contraband.

44. Defendant Mills comes up behind Plaintiff, grabs her arms and forces cuffs on her to rip the keys out of her hands.

45. Defendant Mills took her to his vehicle and locked Plaintiff inside, despite no crimes happening and without explaination.

46. The Defendants all take part in the invasion of Plaintiff's private vehicle and find that there was not anything illegal in there, just as she told them before.

47. Plaintiff assumes she is to be let go at this point, however Defendant Mills, Defendant Toby and Defendant Robinson decide that she needs to be formally arrested for something.

48. Plaintiff is driven away from her vehicle, handcuffed and locked in Mills' vehicle.

49. Not until they were on the way, was Plaintiff informed she was being charged with resisting arrest and was not presented with any explanation of any unlawful resistance.

50. Without informing her of her rights, Defendant Mills proceeds to drive her to the Lexington Police Station for "booking," before probable cause has been determined.

51. Instead of taking Plaintiff directly to the Magistrate, The Defendants decide to invade even more of Plaintiff's privacy by subjecting her to fingerprinting, photographing,

questioning, and confinement for an indefinite period of time against her will without any probable cause being determined by a judicial official.

52. Plaintiff, possessing nothing illegal at any times, asked if the K9 ever misses, and they all say no even though they just witnessed it happen.

53. After the Lexington Police Station, Defendant Mills takes Plaintiff to the Magistrate to determine probable cause.

54. Without informing Plaintiff of her rights including her right to an assistance of counsel, Defendant Mills made a statement to the Magistrate.

55. Not until Defendant Mills told the Magistrate Plaintiff resisted by attempting to run away from the stop and not surrendering her keys, did Plaintiff have any idea why they were arresting her for resisting arrest.

56. Plaintiff objected to Defendant Mills' statement, stating she never attempted to run away.

57. The Magistrate then changed what Defendant Mills swore to from "run" to "walk." Neither had occurred.

58. No affidavit of probable cause was ever submitted to any file or completed as far as Plaintiff knows.

59. Plaintiff was never given a chance to swear to what happened according to her, or to talk to counsel.

60. Plaintiff asked what would happen if she refused to sign the fraudulent paperwork as she never tried evading the encounter.

61. The Magistrate stated Plaintiff would be thrown in jail and forced to pay a lot of money to be released.

7

62. Plaintiff signed under fraud, duress and extortion to be let go from the unlawful imprisonment, despite the absense of any crime.

63. Plaintiff then had to go to court for the false allegations made against her.

64. At the first appearance, the prosecutor offered Plaintiff a deal without any personal knowledge of anything that happened.

65. Plaintiff demanded the case be dismissed as she had done nothing wrong, and there was no witness for the state there with any personal knowledge of anything.

66. The prosecutor refused and decided to set the case for a trial.

67. Before trial, Plaintiff entered 5 motions to dismiss and affirmative defenses into the case which were never answered.

68. Plaintiff was never subpoenaed and had no idea the case was still going on, as none of her motions or affirmative defenses ever got answered.

69. Not until asking the clerk if there have been any answers to her paperwork a couple of days before the trial was supposed to happen, had she been told when and where to go.

70. Plaintiff tried obtaining the video evidence the police had recorded by filing a petition to the superior court for the recording.

71. The petition was granted and LEXINGTON POLICE DEPARTMENT repeatedly failed to hand over the video, in violation of the court order to this day.

72. At trial, Defendant Mills showed up as a witness for the state and gave false testimony of Plaintiff looking like she was maybe going to "run away" from the unlawful encounter.

73. He failed to produce any video evidence from his body-worn camera, as there isn't any that could back up his tall tale.

8

74. Before Plaintiff had a chance to testify and allege numerous crimes against Defendant Mills as outlined in her affirmative defenses and motions, the Judge had dismissed the case, citing the unlawful extension of the stop in order for a dog to search her vehicle.

### COUNT ONE: MILLS - FOURTH AMENDMENT VIOLATION FALSE ARREST UNDER 42 USC§1983

75. Plaintiff re-alleges and incorporates all previous paragraphs.

76. There was at no time a warrant for the arrest of Plaintiff.

77. The defendant's actions were undertaken within the scope of their employment, while on duty, under color of law.

78. Probable cause of Plaintiff committing, having commit or about to commit any crime had never been achieved.

79. On July 7th, 2022 Defendant Mills, without warrant or probable cause, unlawfully arrested the Plaintiff, and acting contrary to law, deprived her of her liberty.

80. Plaintiff had injured no one, but was unreasonably forced from her private vehicle after the stop was effectively over.

81. Plaintiff knew she had done nothing wrong at any time, but knew she was not allowed to leave at any point without violent repercussions.

82. Plaintiff was cuffed and held in the back of a cruiser for an extended period of time without any factual probable cause or evidence of any criminal activity.

83. Plaintiff never gave consent to any search or seizure of herself or property.

84. By forcing Plaintiff out of the car after conclusion of the investigation, Defendant Mills was able to extend the traffic stop unnecessarily in order for backup and a K9 to arrive.

85. Defendant Mills then proceeded to search her private property against her lawful refusals by creating "probable cause" under color of law.

86. Plaintiff was detained, which is no different than "under arrest," while there was no legitimate probable cause of any crime established.

87. Defendant Mills already knew there was no probable cause before forcing Plaintiff out of her private property as the traffic investigation was over.

88. After nothing turned up in the search, Defendant Mills felt compelled to make an arrest under color of law by alleging false accusations.

89. Defendant Mills had the intent to confine the Plaintiff, and decided to continue his arrest, after the alleged probable cause that was unlawfully obtained with a K9 was dispelled.

90. Defendant Mills continued this false imprisonment even after dispelling any unreasonable suspicions he had by both searching and seizing Plaintiff's private property without probable cause or due process of law.

91. Defendant Mills retaliated for Plaintiff's lawful questioning of the unlawful orders and unreasonable demands by arresting her.

92. As a direct result of Defendant Mills false arrest and imprisonment of the Plaintiff, the Plaintiff had her right to liberty violated, her right to unreasonable search and seizures violated, suffered detrimental anguish and emotional damage, a loss of wages and time in her work, and major discredits to her reputation for publicly posting the information about her unlawful arrest as though It was factually accurate.

WHEREFORE, based upon the above stated facts, the Plaintiff respectfully requests that this Honorable Court awards damages as follows:

    a. Compensatory damages;

  b. Punitive damages as allowed by law;

  c. Reasonable court fees and costs;

  d. Past, present, and future pain and suffering;

  e. Psychological and emotional distress;

  f. Any other relief this Court deems is just and fair.

## COUNT TWO: TOBY - FOURTH AMENDMENT VIOLATION- FALSE ARREST BY SUPERVISORY LIABILITY UNDER 42 USC§1983

93. Plaintiff re-alleges and incorporates all previous paragraphs.

94. There was at no time a warrant for the arrest of Plaintiff.

95. The defendant's actions were undertaken within the scope of their employment, while on duty, under color of law.

96. Probable cause of Plaintiff committing, having commit or about to commit any crime had never been achieved.

97. Defendant Toby, as a supervisor, failed to deescalate the situation and had a primary roll in the false arrest and imprisonment by being directly in charge of the situation.

98. Instead of upholding the law, Defendant Toby watched all events occur without doing his duty to prevent crime.

99. Defendant Toby acted in order to obtain a conviction.

100.  Defendant Toby had a direct influence on the continuation of the unlawful arrest by conspiring with Defendant Mills, as his supervisor, advising the arrest be continued after nothing was found in Plaintiff's private vehicle, and all suspicion had been reasonably dispelled.

101. Defendant Toby had a direct influence on the K9 action and elongation of the traffic arrest under color of law, acting as the supervisor of the arresting officer and advising it all happened as it did without probable cause of any crime.

102. Defendant Toby should have reasonably known there was no consent or probable cause for Defendants to search Plaintiff's private property.

103. Defendant Toby did not witness Plaintiff try to run away, but not only approved of, he personally assisted in the decision of resisting as the claim for arrest.

104. Defendant Toby personally denied Plaintiff the chance to talk to her counsel before she knew what she was under arrest for, right before being driven to the station.

105. As a direct result of Defendant Toby's supervision of the false arrest and imprisonment of the Plaintiff, the Plaintiff had her right to liberty violated, her right to unreasonable search and seizures violated, suffered detrimental anguish and emotional damage, a loss of wages and time in her work, and major discredits to her reputation for publicly posting the information about her unlawful arrest as though It was factually accurate.

WHEREFORE, based upon the above stated facts, the Plaintiff respectfully requests that this Honorable Court awards damages as follows:

    a. Compensatory damages;

    b. Punitive damages as allowed by law;

    c. Reasonable court fees and costs;

    d. Past, present, and future pain and suffering;

    e. Psychological and emotional distress;

    f. Any other relief this Court deems is just and fair.

## COUNT 3: ROBINSON - FOURTH AMENDMENT VIOLATION- UNREASONABLE SEARCH AND SEIZURE UNDER 42 USC§1983

106. Plaintiff re-alleges and incorporates all previous paragraphs.

107. The defendant's actions were undertaken within the scope of their employment, while on duty, under color of law.

108. Probable cause of Plaintiff committing, having commit or about to commit any crime had never been achieved.

109. There was at no time any search warrants for Plaintiff's private property.

110. Defendant Robinson was the handler of the K9 that originally conducted the unlawful search with no reasonable suspicion of any crime, well after the traffic investigation ended.

111. Defendant Robinson was denied consent to search, but did so anyway.

112. Defendant Robinson is the interpreter of the K9's actions.

113. Defendant Robinson decided the K9 signaled during her unlawful search.

114. There was either a false signal, or defendant Robinson lied about it to unlawfully obtain probable cause.

115. Defendant Robinson physically searched Plaintiff's person without probable cause of a crime.

116. Defendant Robinson made the decision to personally search the vehicle without consent after being denied consent and already illegally searching it with her K9.

117. As a direct result of Defendant Robinsons unlawful search of the Plaintiff, the Plaintiff had her right to liberty violated, her right to unreasonable search and seizures

13

violated, suffered detrimental anguish and emotional damage, a loss of wages and time in her work, and major discredits to her reputation for publicly posting the information about her unlawful arrest as though It was factually accurate.

WHEREFORE, based upon the above stated facts, the Plaintiff respectfully requests that this Honorable Court awards damages as follows:

    a. Compensatory damages;

    b. Punitive damages as allowed by law;

    c. Reasonable court fees and costs;

    d. Past, present, and future pain and suffering;

    e. Psychological and emotional distress;

    f. Any other relief this Court deems is just and fair.

## COUNT 4: MILLS - FOURTH AMENDMENT VIOLATION- UNREASONABLE SEARCH AND SEIZURE UNDER 42 USC§1983

118. Plaintiff re-alleges and incorporates all previous paragraphs.

119. There was at no time any search warrants for Plaintiff's private property.

120. The defendant's actions were undertaken within the scope of their employment, while on duty, under color of law.

121. Probable cause of Plaintiff committing, having commit or about to commit any crime had never been achieved.

122. Defendant Mills was not possessing a warrant to search Plaintiff's private property.

123. Defendant Mills extended the stop unreasonably after his traffic investigation was over in order to have a K9 unlawfully search Plaintiff's private property without her

14

consent.

124. Defendant Mills had no reason to ask Plaintiff to leave her private property after the investigation had ended.

125. Defendant Mills called for the K9 officer.

126. Defendant Mills knew it was going to take more time than was reasonable for the K9 to arrive.

127. Defendant Mills seized the private property known as car keys from Plaintiff with no lawful reason.

128. Defendant Mills personally took part in the second unlawful search by going through Plaintiff's private vehicle without consent or probable cause.

129. Defendant Mills later said he would have just let Plaintiff go with a warning as the plate was recently expired, which is when the investigation should have been reasonably completed before any searches.

130. No defendants found anything illegal in the vehicle or on Plaintiff's person.

131. As a direct result of Defendant Mills unlawful search and seizure of the Plaintiff, the Plaintiff had her right to liberty violated, her right to unreasonable search and seizures violated, suffered detrimental anguish and emotional damage, a loss of wages and time in her work, and major discredits to her reputation for publicly posting the information about her unlawful arrest as though It was factually accurate.

WHEREFORE, based upon the above stated facts, the Plaintiff respectfully requests that this Honorable Court awards damages as follows:

    a. Compensatory damages;

15

      b. Punitive damages as allowed by law;

      c. Reasonable court fees and costs;

      d. Past, present, and future pain and suffering;

      e. Psychological and emotional distress;

      f. Any other relief this Court deems is just and fair.

## COUNT 5: ALL DEFENDANTS - CONSPIRACY TO DEPRIVE RIGHTS UNDER 42 USC§1985

132. Plaintiff re-alleges and incorporates all previous paragraphs.

133. The defendant's actions were undertaken within the scope of their employment, while on duty, under color of law.

134. Probable cause of Plaintiff committing, having commit or about to commit any crime had never been achieved.

135. Defendants Mills, Toby, and Robinson conspired to unlawfully obtain probable cause.

136. Defendants Mills, Toby and Robinson conspired to charge Plaintiff with a crime that did not occur after dispelling any suspicion of any illegal possessions.

137. All defendants were well aware no crime had taken place, but still chose to have Plaintiff prosecuted under fraudulent accusations.

138. All defendants were acting in their official employment positions as police officers for LEXINGTON POLICE DEPARTMENT when everything in this suit occured.

139. Plaintiff tried to assert her rights by declining any searches or further interaction after the traffic investigation had been completed.

140. Defendants had a reasonable chance to allow Plaintiff to leave after all suspicion of contraband had been dispelled, but decided to charge her with resisting instead.

16

141. The reason she was provided as to how she resisted was fabricated.

142. Defendants all colaborated to obtain the conviction.

143. As a direct result of all Defendants conspiring to deprive the Plaintiff of her god given rights that are protected by the constitution, the Plaintiff had her right to liberty violated, her right to unreasonable search and seizures violated, suffered detrimental anguish and emotional damage, a loss of wages and time in her work, and major discredits to her reputation for publicly posting the information about her unlawful arrest as though It was factually accurate.

WHEREFORE, based upon the above stated facts, the Plaintiff respectfully requests that this Honorable Court awards damages as follows:

  a. Compensatory damages;

  b. Punitive damages as allowed by law;

  c. Reasonable court fees and costs;

  d. Past, present, and future pain and suffering;

  e. Psychological and emotional distress;

  f. Any other relief this Court deems is just and fair.

Respectfully submitted,

_____
Jessica-Hiles Allen
100 W 7th Ave, Lexington NC 27292
(336) 470-3548

STATE OF NORTH CAROLINA
COUNTY OF DAVIDSON
BEFORE ME personally appeared Jessica-Hiles Allen, who, being by me first duly sworn and identified in accordance with law, did execute the foregoing under penalties of perjury in my presence this 2nd day of July 2023.

_____ Notary Public
Janiya N. Mobery

My Commission expires: 04-13-2028

*(Notary seal: Janiya N. Mobery, Notary Public, Davidson County, My Commission Expires April 13, 2028, North Carolina)*

17